UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 01-1859-Civ-Ungaro

_____

IRVING ROSNER, *et al.*,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER ON MOTION FOR STAY

THIS CAUSE is before the Court upon Class Member Robert Langermann's Motion for Stay Pending Appeal, filed July 30, 2012. (D.E. 329). Class Members (excluding Robert Langermann) and Class Counsel filed a Response in opposition to the Motion (D.E. 332), and Langermann filed a Reply (D.E. 334). Accordingly, this matter is ripe for disposition.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised of the premises.

On March 1, 2012, this Court entered an order enjoining Mr. Langermann from prosecuting a Nevada lawsuit he had filed against the presiding judge in this case, class counsel, and social service agencies tasked with administering the funds of a settlement to eligible Hungarian Holocaust survivors, including Mr. Langermann (the "March Order"). (D.E. 320); *see Langermann v. Seitz*, Case No. 2:11-cv-01438-KJD-GWF (D. Nev.) (the

"Nevada Action"). On March 20, 2012, Mr. Langermann filed a notice of appeal of the March Order. (D.E. 321). The Nevada Action is currently stayed pending this appeal. *See Langermann*, 2:11-cv-01438, D.E. 34. In the instant Motion, Mr. Langermann seeks a stay of the Court's March Order, pursuant to Federal Rule of Civil Procedure 62(c), so that he may proceed with the prosecution of the Nevada Action during the pendency of his appeal. (D.E. 329). Upon the Honorable Patricia A. Seitz's recusal, the Motion was referred to the undersigned. (*See* D.E. 333).

Pursuant to Federal Rule of Civil Procedure 62(c), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed.R.Civ.P. 62(c). An injunction pending an appeal is considered an "extraordinary remedy," *Touchstone v. McDermott,* 234 F.3d 1130, 1132 (11th Cir. 2000), "for which the moving party bears a 'heavy burden.'" *Gay Lesbian Bisexual Alliance v. Sessions,* 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (Thompson, J.) (citation omitted). In deciding whether to issue an injunction pending an appeal, the Eleventh Circuit requires movants to show "(1) a substantial likelihood that they will ;538;538prevail on the ;541;541merits of the appeal; (2) a substantial risk of irreparable injury to the [movants] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchstone*, 234 F.3d at 1132.

The Court has carefully weighed the relevant factors and does not find that Mr.

Langermann has carried his burden of demonstrating that an injunction pending appeal is warranted. First, for the reasons set forth in the Court's March Order, there is not a substantial likelihood that Mr. Langermann will prevail on the merits of his appeal. (D.E. 320). Second, the Court does not find that permitting the March Order to stand pending appeal presents a substantial risk of irreparable injury to Mr. Langermann. As to this factor, Mr. Langermann argues that "[b]ecause of [his] advanced age, a lengthy appeal would be irreparable." (D.E. 329). But, the appeal has already been fully briefed and neither party has requested oral argument. Based on the Eleventh Circuit Court of Appeals statistics available, cited by Class Counsel, it is unlikely that the appeal will take more than an additional five months to resolve. (*See* D.E. 332 at 6-7). Moreover, Mr. Langermann's contention that further delay of his ability to prosecute the Nevada Action would be prejudicial to him is undercut by the fact that he delayed nearly four months in filing the instant Motion. At this point, the Court cannot agree that the time left to resolve this appeal will result in irreparable harm to Mr. Langermann.

Finally, the Court cannot find that there would not be substantial harm to other interested parties or the public interest if the Court were to grant the stay as requested. Should the Court grant Mr. Langermann's motion, the Nevada defendants and the Nevada court would be required to move forward with Mr. Langermann's case, devoting time and resources to a lawsuit that this Court has already determined should not go forward. The burden of such needless litigation amounts to a substantial harm.

In sum, the extraordinary remedy of an injunction pending appeal is not warranted in this instance.

Accordingly, it is

ORDERED AND ADJUDGED that Class Member Robert Langermann's Motion for Stay (D.E. 329) is DENIED.

DONE AND ORDERED in chambers at Miami, Florida this 28th day of August, 2012.

*[signature]*
_____
URSULA UNGARO
UNTIED STATES DISTRICT JUDGE

copies to: counsel of record